**LAW OFFICES OF STEVE GIMBLIN**
Steve Gimblin (272044)
1463 Live Oak Blvd.
Yuba City, CA 95991
P#530-671-9822
F#1-877-YUBALAW
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:**<br><br>**PATRICIA LYNN ARCHULETA,**<br><br>**Debtor(s)** | Case No. 19-26046<br>RSG-001<br><br>**MOTION TO AVOID LIEN**<br><br>Date:    February 13, 2020<br>Time:   10:30 AM<br>Place:   501 I St., 7th Fl<br>           Dept. B, Courtroom 33<br>           Sacramento, CA 95814<br>Judge:   Fredrick E. Clement |
| **PATRICIA LYNN ARCHULETA,**<br><br>**Movant,**<br>**v.**<br><br>**SIERRA CENTRAL CREDIT UNION,**<br><br>**Respondent.** | |

**TO THE COURT AND ALL PARTIES IN INTEREST:**

    Debtor, PATRICIA LYNN ARCHULETA (hereinafter "Debtor"), by and through her attorney of record hereby moves this Court for an order avoiding judicial lien. This motion is based on the notice of motion, declaration of the Debtor, the Debtor's schedules, the attached exhibits, any and all oral argument the Court may entertain and the following:

1. This case was commenced with the filing of a petition on September 27, 2019.
2. This motion is brought pursuant to 11 USC § 522(f)(1)(A).
3. As shown in Debtor's schedule A, the Debtor has an interest in certain real property commonly known as 615 Spring Creek Court, Yuba City, CA 95991 (hereinafter the "Property"). See

LAW OFFICES OF STEVE GIMBLIN
1463 LIVE OAK BLVD
YUBA CITY, CA 95991

Debtor's Schedule A on file with the Court.

4. The Debtor has placed a value of $340,000.00 on the Property. This asserted value is based upon the opinion of the Debtor. See declaration of the Debtor concurrently filed in support of this motion is incorporated herewith.

5. As shown in schedule C of the instant case, the Debtors have claimed an exemption in the amount of $162,673.14 Please see Debtor's schedule C.

6. Sierra Central Credit Union ("Creditor") holds a judicial lien against the Property in the approximate amount of $9,320.60 (as recorded). See Exhibit A attached herewith Abstract of judgment recorded by Sierra Central Credit Union.

7. The movant avers that the judgment is voidable in the absence of an underlying attachable "res" per *In re Thomas*, 102 B.R. 199 (Bankr.E.D.Cal. 1989).

8. Debtor asserts that the lien is not related to a domestic support obligation.

9. California Department of Veteran Affairs holds a first position security interest in the Property in the scheduled amount of $177,326.86.

10. The existence of Creditor's lien on Debtor's Property impairs the exemption to which the Debtor has claimed on her schedules, and would be entitled to under 11 USC §522(b).

**WHEREFORE**, Debtor moves this Court for an order avoiding judicial lien held by Creditor.

Respectfully Submitted,

Dated: January 2, 2020            **LAW OFFICES OF STEVE GIMBLIN**

                                          By:    /s/ Steve Gimblin
                                                      STEVE GIMBLIN
                                                      Attorney for Debtor